FILED'08 SEP 11 14:41USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JON NASSET,

           Petitioner,      Civil No. 06-611-CL

           v.                 REPORT AND
                                RECOMMENDATION

BRIAN BELLEQUE,

           Respondent.

CLARKE, Magistrate Judge.

    Petitioner is an inmate in the custody of the Oregon Department of Corrections pursuant to the Judgment, dated June 5, 2001, from Marion County Circuit Court Case No. 01C42455, after convictions for three counts of Sodomy in the First Degree, four counts of Rape in the First Degree,

1 - REPORT AND RECOMMENDATION

one count of Unlawful Sexual Penetration in the First
Degree, three counts of Unlawful Sexual Penetration in the
Second Degree and two counts of Sexual Abuse in the First
Degree.  Following a jury trial, petitioner was sentenced to
a total of 460 months in prison.  Exhibits to Answer (#27),
Exhibit 101.

Petitioner directly appealed the convictions, but
subsequently moved to dismiss the appeal, which the Oregon
Court of Appeals granted.  Exhibit 103.

An amended petition[1] for post conviction relief was
filed in <u>Nasset v. Czerniak</u>, Marion County Circuit Court
Case No. 03C-12358, Exhibit 131, but relief was denied.
Exhibit 121-123.  The Oregon Court of Appeals dismissed
petitioner's appeal as untimely, Exhibit 125, and the Oregon
Supreme Court denied review.  Exhibit 129.

Petitioner filed a Petition (#1) for habeas corpus
relief under 28 U.S.C. § 2254 challenging his convictions
and sentence on various grounds.  Respondent moves to deny
the petition and dismiss this proceeding on the ground that
petitioner did not exhaust state remedies with respect to

_____

[1]Captioned "Supplemental Petition for Post-Conviction Relief
to include (ORS 138.510 et. seq) BLAKELY V. WASHINGTON ISSUES."

his claims and has failed to establish cause and prejudice for his procedural default.[2] Response (#28).

As a preliminary matter, it is necessary to identify the claims before the court in this proceeding. Petitioner's pro se petition does not specifically allege his claims and facts in support thereof as required by Rule 2(c) of the Rules Governing § 2254 Cases. (see, Fn. 2). Rather, petitioner simply incorporates his state post-conviction petition and amended (supplemental) petition by the reference "see attached."

Petitioner's state post-conviction petition alleges as the First Claim for Relief that he was denied ineffective assistance of trial counsel in several particulars. Petitioner's Second Claim for Relief alleged ineffective assistance of appellate counsel. Petitioner's Amended Petition for Post-Conviction Relief alleged three claims for relief: Claim One alleged the sentencing judge exceeded his

---

[2]Respondent also argues that petitioner's "see attached" pleading format does not comply with the pleading requirement of Rule 2(c) of the Rules Governing § 2254 Cases. Respondent is correct. Although counsel was subsequently appointed, petitioner filed his Petition pro se and pro se litigants are afforded latitude with respect to formal pleading requirements. Failure to comply with the requirement of Rule 2(c) is not a sufficient ground for dismissal under the circumstances of this case.

authority by imposing a sentence in excess of the applicable maximum sentence without requiring a jury determination of the requisite facts and requiring that those facts be proved beyond a reasonable doubt (<u>Blakely v. Washington</u>);  Claim Two alleged the sentencing judge violated petitioner's rights by considering out of court statements by witnesses, embodied within the State's pre-sentence investigation report, without finding that the witnesses were unavailable and without affording petitioner an opportunity to cross-examine those witnesses (<u>Crawford v. Washington</u>); and Claim Three alleged ineffective assistance of trial counsel for failing to object to the alleged <u>Blakely</u> and <u>Crawford</u> violations.

Petitioner's Memorandum of Law in support of Petition for Writ of Habeas Corpus (#44) alleges: "Summary of Argument" ...  Mr. Nasset was sentenced to a total of 460 months in prison. Under the Sixth Amendment, as interpreted in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the maximum sentence permitted by the jury's verdict was 100 months. Trial counsel was ineffective in failing to object to the sentence based on the Sixth Amendment violation. Additionally, and independently, the trial court violated

Mr. Nasset's Sixth Amendment rights by imposing this illegal sentence."

I find that the two claims stated in petitioner's "Summary of Argument" are the only claims before the court in this proceeding.  The other claims to the extent they are intended to be incorporated by reference to petitioner's state post-conviction petitions are not traversed.  28 U.S.C. § 2248 provides "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that a judge finds from the evidence that they are not true."

Based on the evidence of record before the court, or perhaps more accurately the lack of evidence before the court, in this proceeding, I find that the allegations of petitioner's un-traversed claims are not true and I deem them to have been abandoned.[3]

Petitioner presented his *Apprendi/Blakely* claim and the ineffective assistance of counsel claim (based on trial

---

[3]In any event, the claims are in the same procedural posture (ie. unexhausted due to procedural default) as the *Apprendi/Blakely* and ineffective assistance of trial counsel claims discussed below.

counsel's failure to object to the alleged *Apprendi/Blakely*
violation) to the state post-conviction trial court, which
considered them, but denied relief. Exhibits 131 and 121-
123.  Under ORS 138.650, appeals from post-conviction
judgments must be filed within 30 days.  The post-
conviction trial court judgment was entered July 14, 2005.
Petitioner's Notice of Appeal of trial court judgment was
filed on August 17, 2005.  The Oregon Court of Appeals
dismissed the appeal as untimely and denied petitioner's
Motion to reinstate appeal and allow late notice of appeal.
Exhibit 125 and 127.  The Oregon Supreme Court denied
review.  Exhibits 128 and 129.

A state prisoner must exhaust all available state
remedies either on direct appeal or through collateral
proceedings (eg. state post-conviction relief) before a
federal court may consider federal habeas corpus relief. 28
U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838,
842 (1999);  Coleman v. Thompson, 501 U.S. 722 (1991)
[requiring dismissal of federal petition unless all
available state remedies as to all federal claims are
exhausted]. The essence of the requirement is that no state
remedy exist at the time the petition was filed.  Rose v.

6 - REPORT AND RECOMMENDATION

Lundy, 455 U.S. 509 (1982).  A prisoner satisfies the
exhaustion requirement by "fairly presenting" his claims to
the highest state court with jurisdiction to consider them ,
thereby "afford[ing] the state courts meaningful opportunity
to consider [the] allegations of legal error." Vasquez v.
Hillary, 474 U.S. 254 (1986); see also, Duncan v. Henry, 513
U.S. 364 (1995).  In Oregon, this requirement is satisfied
when the claim is fairly presented to the state supreme
court.  Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir.
2003).

A prisoner fairly presents his claims by describing in
the state court proceeding both the operative facts and the
legal theory on which his claim is based.  Id., Anderson v.
Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371
(9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th
Cir. 1986). The claim must be specifically characterized in
the state proceedings as "federal," Castillo v. McFadden,
370 F.3d 882, 886 (9th Cir. 2004); Baldwin v. Reese, 541
U.S. 27 (2004), and allege facts showing a right to relief,
Gray v. Netherland, 518 U.S. 152, 162-63 (1996);  Kelly v.
Small, 315 F.3d 1063, 1066 (9th Cir. 2003).  State appellate
courts are "not required to comb the trial court's decision

7 - REPORT AND RECOMMENDATION

to discover" the federal issue.  <u>Castillo</u>, 370 F.3d at 887.

Furthermore, a petitioner must present the federal claims in a procedural context in which their merits will be considered.  <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); <u>see also</u>, <u>Turner v. Compoy</u>, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. <u>Coleman v. Thompson</u>, <u>supra</u>; <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, <u>O'Sullivan</u>, 526 U.S. at 848, and  federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default

and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice," Wainwright v. Sykes, 433 U.S. 72 (1977); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).

"Cause" exists only where there is a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). The fact that trial counsel failed to recognize the factual or legal basis of the claim does not excuse a default. Id. at 486. Nor does an ineffective assistance of counsel claim constitute "cause" for the default if the ineffective-assistance claim was, itself, defaulted. Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000). Since no constitutional right to counsel exists on a collateral proceeding, the failure to provide effective assistance at such proceedings does not constitute "cause" sufficient to relieve a default. Coleman, 501 U.S. at 752.

"Prejudice" exists only if "actual and substantial disadvantage" resulting from the procedural default is shown.  United States v. Frady, 456 U.S. 152 (1982).  It is not enough to demonstrate the mere possibility of prejudice. Actual prejudice must be demonstrated. Id.

In the extraordinary case, cause for procedural default may be established by demonstrating a "fundamental miscarriage of justice," Coleman, 501 U.S. at 750, resulted in a "constitutional violation [that] probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986); Noltie, 9 F.3d at 806.

Petitioner did not exhaust state remedies with respect to the claims in this proceeding because he did not appeal the post-conviction trial court judgment in a timely manner.[4]  Therefore, the claims were procedurally defaulted and not presented to the state's highest court.

Petitioner argues that "on the facts of this case, this does not constitute a cognizable default, and in the alternative, that any fault is excused because he is

---

[4]The Order of Dismissal of petitioner's direct appeal, Exhibit 103, does not specify what claims were alleged in that proceeding. However, all of those claims were procedurally defaulted by petitioner's voluntary dismissal of his appeal.

actually innocent of the enhanced sentence."  Memorandum of
Law in Support of Petition (#44) p. 2.

Petitioner ultimately proceeded in the post-conviction
trial pro se, with his former appointed counsel, Mr. Mark
Geiger, "present to assist" petitioner.[5]  Exhibit 121.
Petitioner alleges he "advised his 'assistant,' Mark Geiger,
to file a notice of appeal" and that "Mr. Geiger did so."
Memorandum of Law (#44), p. 4.

The notice of appeal was stamped as received by the
appellate court on August 18, 2005.  Exhibit 124, p. 1.  Mr.
Geiger signed a certification that "I filed the notice with
the state court administrator at the Supreme Court building,
in Salem, Or. on 8/10/05, by hand delivery."  Exhibit 124,
p. 2.  As noted above, the Court of Appeals found that the
notice of appeal was received on August 17, 2005, and
dismissed the appeal as untimely.  Exhibit 125.

Petitioner acknowledges that if Mr. Geiger "did not
timely file the notice of appeal, then Mr. Nasset's Sixth

_____

[5]Judge Thomas Hart explained to petitioner that Mr. Geiger was
not petitioner's attorney and did not represent petitioner, but
would remain present to "kind of stand by ... in case [petitioner]
needed him," Exhibit 120, p. 2, and "advise" petitioner, Id., p. 3.

Amendment issues was (sic) not fairly presented to the
Oregon Supreme Court." Memorandum of Law (#44) p. 10.

I find that Mr. Geiger did not timely file the notice
of appeal.  Mr. Geiger's certification is puzzling.
However, the notice of appeal is file stamped August 18,
2005. The Court of Appeals found that the notice was filed
on August 17, 2005, and was therefor "untimely" under ORS
138.650.  Id.  Other than Mr. Geiger's certification, there
is no evidence to the contrary.  The Oregon Court of Appeals
denied petitioner's Motion to Reinstate Appeal and Allow
"Late" Notice of Appeal on legal and equitable grounds and
stated reasons for the decision.  See, Exhibit 127, and the
Oregon Supreme Court denied review. Exhibit 129.

Arguably, the Oregon courts' determination(s) that the
notice of appeal was untimely is entitled to the presumption
of correctness provided in 28 U.S.C. § 2254(e)(1).  In any
event, I find that it is appropriate to defer to the Oregon
courts' interpretation and application of its own procedural
rules and decline to alter the courts' finding in this
regard.

The issue before the court thus becomes whether there
is sufficient cause and prejudice to excuse petitioner's

procedural default which resulted in his failure to exhaust state remedies with respect to his claims.

Petitioner cites 2 Liebman & Hertz, <u>Federal Habeas Corpus Practice and Procedure</u>, §26.3b at 1213, for the proposition that under agency principles a petitioner should not be required to bear the risk of (a PCR) attorney error that resulted in the default because the attorney was not acting as the petitioner's "agent" with regard to the default.  Memorandum of Law (#44), p. 10.

Although the logic of the <u>Liebman & Hertz</u> analysis may be somewhat persuasive, the conclusion appears to be at odds with the <u>Coleman</u> holding that ineffective assistance of counsel in a collateral proceeding is insufficient to relieve a procedural default.  <u>Coleman</u>, 501 U.S. at 752-53; <u>see also</u>, <u>Wainwright v. Torna</u>, 455 U.S. 586 (1982) [where there is no right to counsel, the attorney cannot be ineffective].

"Cause" exists only where there is a showing that "some objective factor external to the defense impeded trial counsel's efforts to comply with the State's procedural rules." <u>Murray v. Carrier</u>, 477 U.S. 478 (1986).  "Objective factors" include "interference by officials making

13 - REPORT AND RECOMMENDATION

compliance with the state procedural rules impractical, and showing that the claim's factual or legal basis was not reasonably" discoverable in time.  <u>McClesky v. Zant</u>, 499 U.S.467 (1991).

I find that Mr. Geiger's failure to file petitioner's notice of appeal within the 30 day deadline does not constitute an objective factor "external to the defense [which] impeded trial counsel's efforts to comply with the State's procedural rules."

Petitioner further contends:  "If Mr. Nasset were pro se without the ordered assistance of counsel, and he had signed a pro se notice of appeal and dropped it in the prison mail on the date counsel certified he hand delivered the notice of appeal to the Oregon Court of Appeals, the appeal would have indisputably been timely. Or.R.App.Pro. 1.25 and 1.34(4)."  Memorandum of Law (#44) p. 11.

Petitioner's contention may be correct.  However, petitioner *did* have assistance of counsel and did not "drop" the notice in the prison mail. Thus the circumstances justifying the use of the "mail-box rule" in calculating filing dates for purposes of limitations periods are not present in this case,  <u>see</u>, <u>Houston v. Lack</u>, 487 U.S. 266

(1988); <u>Saffold v. Newland</u>, 250 F.3d 1262 (9th Cir. 2001),

and Or.R.App.Pro. 1.25 and 1.34(4) are irrelevant.

Petitioner argues "alternatively, the actual innocence

exception applies where the record conclusively shows that

the (sic) Mr. Nasset is innocent of a portion of his

sentence." Memorandum of Law (#44) p. 13.

As noted above, normally a habeas petitioner must

demonstrate "cause and prejudice" to excuse procedural

default. Although the Supreme Court believed that the cause

and prejudice standard would "take care of" most cases in

which the habeas petitioner was a victim of miscarriage of

justice, it recognized that in a small number of

extraordinary cases this would not be true and expressed

this exception as applying to incarcerations in which a

"constitutional violation has probably resulted in the

conviction of someone who is actually innocent." <u>Murray v.</u>

<u>Carrier</u>, 477 U.S. 478, 495-496 (1986).  The "miscarriage of

justice" or "actual innocence" exception is not an

independent avenue to relief; rather, if established, it

functions as a "gateway," permitting a habeas petitioner to

have considered on the merits claims of constitutional error

that would otherwise be procedurally barred.  <u>Carriger v.</u>

15 - REPORT AND RECOMMENDATION

Stewart, 132 F.3d 463, 477 (9th Cir. 1997).

Recognizing that the actual innocence exception did not translate easily into the sentencing phase of a capital trial, the Court nevertheless did so in Smith v. Murray, 477 U.S. 527, 537 (1986), and held that if one is actually innocent of the sentenced imposed, a federal habeas court can excuse the procedural default to correct a fundamentally unjust incarceration. Id.

However, although the actual innocence exception may excuse a procedural default relating to a criminal conviction or a capital sentencing error, it has not been extended by the Supreme Court to non-capital sentencing claims. Dretke v. Haley, 541 U.S. 386 (2004) (declining to decide whether the actual innocence exception applies to a claim of an admitted non-capital sentencing error).

Some courts have held that the actual innocence exception to the default rules does apply to noncapital sentences. See, United States v. Maybeck, 23 F.3d 888, 894 (4th Cir. 1994); Mobely v. United States, 974 F.Supp. 553, 556-557 n.12 (E.D.Va. 1997) (collected cases); See also, Jones v. State of Arkansas, 929 F.2d 375, 381 n.16 (8th Cir. 1991) ("Although all of these cases [cited above] deal with

16 - REPORT AND RECOMMENDATION

the sentencing phase in capital murder cases, there are
indications that the actual innocence exception also may
apply to non-capital sentencing."). The Ninth Circuit has
not directly addressed this issue. However, in <u>Gandarela v.
Johnson</u>, 286 F.3d 1080, 1085 (9th Cir. 2001), the Ninth
Circuit, in addressing the actual innocence exception to
procedural default, stated: "The required evidence must
create a colorable claim of actual innocence, that the
petitioner is 'innocent of the charge for which he [is]
incarcerated,' as opposed to legal innocence as  a result of
legal error." And, in <u>Wildman v. Johnson</u>, 261 F.3d 832,
842-43 (9th Cir. 2001), the Ninth Circuit found that
petitioner's default of the issue of his consecutive
sentences could not be excused by claiming that the
consecutive sentences were plainly illegal under the
applicable Oregon statute and therefore manifestly unjust,
because petitioner failed to establish factual innocence of
the underlying conviction. These Ninth Circuit cases have
been cited by judges of this court in support of the
determination that the actual innocence exception does not
apply to sentencing error claims in non-capital cases.
<u>Downs v. McGee</u>, No. CV 04-6215-MA, 2006 WL 1582304, at *6

17 - REPORT AND RECOMMENDATION

(D. Or. June 1, 2006) ("neither the Ninth Circuit nor this
court has expanded the actual innocence exception to permit
a petitioner to attack a noncapital sentence."), <u>aff'd</u>, 246
Fed. Appx. 476 (9th Cir. 2007); <u>Jenkins v. Johnson</u>, No. Civ.
98-590-AA, 2006 WL 118566, at *5 (D. Or. Jan. 13, 2006) ("I
disagree with the petitioner that either the Ninth Circuit
or this court have held that the 'actual innocence'
exception applies to sentencing error claims."), <u>aff'd</u>, 231
Fed. Appx. 619 (9th Cir. 2007), <u>cert. denied</u>, ___ U.S. ___
128 S. Ct. 299 (2007); <u>Ruth v. Kennedy</u>, No.  Civ. 01-268-AS,
2004 WL 838026, at *4 (D. Or. Mar. 31, 2004) ("In light of
the procedural nature of petitioner's challenge to his
sentence, however, he cannot show that failure to consider
his claim will result in a fundamental miscarriage of
justice."), <u>adopted</u>, 2004 WL 1445542 (D. Or. June 24, 2004);
<u>see also</u> <u>Dockery v. Thompson</u>, Civil No. 00-1022-KI, slip op.
at 7 (D. Or. Sept. 9, 2002) (citing <u>Cristin v. Brennan</u>, 281
F.3d 404, 421-22 (3d Cir. 2002):  "(noting split among the
circuits as to whether fundamental miscarriage of justice
exception applies to non-capital sentences and concluding
that, if it is applicable, the exception necessarily is
limited to *factual* errors in sentencing)."), <u>aff'd</u>, 82 Fed.

18 - REPORT AND RECOMMENDATION

Appx. 552 (9th Cir. 2003); <u>Charles v. Baldwin</u>, No. CV 97-
380-ST, 1999 WL 694716, at *4 (D. Or. Aug. 2, 1999)
("Neither the United States Supreme Court nor the Ninth
Circuit has held, either before or after the AEDPA
[Antiterrorism and Effective Death Penalty Act], that the
'actual innocence' exception to procedural default applies
to a non-capital sentencing issue."); <u>Hope v. United States</u>,
108 F.3d 119, 120 (7th Cir. 1997)); <u>Prince v. Morrow</u>, No.
CIV. 97-1796-ST, 1999 WL 985130, at *10-*12 (D. Or. Sept.
16, 1999), <u>habeas corpus dismissed</u>, 1999 WL 1081262 (Oct. 7,
1999).

       I find that petitioner procedurally defaulted his
claims in this proceeding and has not established sufficient
cause and prejudice, or established that the actual
innocence exception applies, to excuse the default. However,
assuming it is appropriate to consider the merits of
petitioner's claims pursuant to the "actual innocence"
exception discussed above, or otherwise, I find as follows.[6]

       The Antiterrorism and Effective Death Penalty Act of
1996 (AEDPA) circumscribes a federal habeas review of a

─────────────────

   [6]Even though a claim is defaulted, 28 U.S.C. § 2254(b)(2)
allows a habeas court to deny the claim on the merits.

state court decision. <u>See</u>, <u>Williams v. Taylor</u>, 529 U.S. 362, 404 (2000).  In passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "retrials" on federal habeas corpus review, and giving effect to state convictions to the extent permissible under the law. <u>Id.</u>

Thus, "a determination of a factual issue made by a State court is presumed correct" unless the petitioner rebuts "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); <u>See also</u>, <u>Miller-el v. Cockrell</u>, 537 U.S. 322, 340 (2003).  In addition, habeas relief may not be granted on any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

In addressing the deference requirements set forth in 28 U.S.C. § 2244(d), the court in <u>Williams v. Taylor</u> noted

that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings.  <u>Williams v. Taylor</u>, <u>supra</u> at 404.

In <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003), the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially distinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'"  <u>Andrade</u>, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous.  The state court's application of the clearly established law must be objectively unreasonable."  <u>Andrade</u>, 538 U.S. at 75.

The <u>Andrade</u> court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily

21 - REPORT AND RECOMMENDATION

"objectively unreasonable" even if it is "clear error."  "It
is not enough that a federal habeas court, in its
independent review of the legal question' is left with a
'firm conviction' that the state court was erroneous.  We
have held precisely the opposite:  Under § 2254(d)(1)'s
'unreasonable application' clause, then, a federal habeas
court may not issue the writ simply because that court
concludes in its independent judgment that the relevant
state-court decision applied clearly established federal law
erroneously or incorrectly.  Rather that application must be
objectively unreasonable."  <u>Andrade</u>, 538 U.S. at 75-76.

    Thus, even incorrect state-court decisions must be
given deference, unless they are "contrary to" or
"objectively unreasonable" applications of a Supreme Court
holding.  This is true even if the state courts do not fully
articulate their reasoning.  <u>Delgado v. Lewis</u>, 223 F.3d 976.
982 (9th Cir. 2000) ["federal court review is not de novo
when the state court does not supply reasoning for its
decision, but an independent review of the record is
required to determine whether the state court clearly erred
in its application of the controlling federal law."].

    Thus, the AEDPA sets forth a "highly deferential

22 - REPORT AND RECOMMENDATION

standard for evaluating state court rulings," which requires that state-court decisions be given the benefit of the doubt.  Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997)).

In conducting habeas review federal courts look to the last reasoned state-court decision. Van Lynn v. Farmon, 347 F.3d 735, 738 (9th Cir. 2003); Franklin v. Johnson, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002).[7]  In the case at bar, the last reasoned state-court decision was the post-conviction trial decision that:  "(P)etitioner has failed to prove by a preponderance of the evidence that his counsel's conduct and defense of him was ineffective and inadequate or that his defense was prejudiced by his counsel's performance. Petitioner has not established a substantial violation of a right guaranteed by the Federal or State Constitution.  The petitioner has challenged the trial court's imposition of

---

[7]In Van Lynn and Franklin, the federal court looked to the post-conviction trial courts' denial of the petitioner's petition for post-conviction review because the California and Oregon Courts of Appeals and Supreme Courts denied the petitions without comment. In this case, of course, petitioner's claims were not properly presented to either of the appellate courts.

consecutive sentences as violative of the United States
Supreme Court decision in <u>Blakely v. Washington</u>, __U.S.__,
124[] S.Ct. [2531] (2004).  <u>Blakely</u>, id., does not apply
because the trial court did not exceed the statutory maximum
sentence for each individual offense and that holding does
not control the court's authority to impose consecutive
sentences. Petitioner's <u>Blakely</u>, id., argument fails."
Exhibit 121; <u>see also</u>, Exhibit 122, p. 5.

I find that the post-conviction trial court decision is
entitled to deference under the principles discussed above,
and that it is correct based on the law in effect at the
time of the decision.

Petitioner's Memorandum of Law (#44) makes a convincing
argument for an <u>Apprendi</u> violation based on case law decided
*after* petitioner was sentenced, specifically <u>Blakely v.
Washington</u>, 542 U.S. 296 (2004), <u>Dilts v. Oregon</u>, 542 U.S.
934 (2004), and  <u>State v. Ice</u>, 343 Or. 248, 170 P.3d 1049
(Or. 2007), *cert. granted,* ___U.S. ___, 128 S. Ct. 1657 (May
17, 2008).  However, petitioner concedes "the constitutional
principal (sic) at issue had not yet been applied to
consecutive sentences under Oregon's guidelines system..."
(at the time petitioner was sentenced on June 5, 2001).

24 - REPORT AND RECOMMENDATION

Memorandum of Law (#44), p. 9.

Apprendi v. New Jersey, 530 U.S. 466 (2000) was filed
on June 26, 2000.  Petitioner was sentenced on June 5, 2001,
and his direct appeal became final on April 15, 2002.
Blakely v. Washington, 542 U.S. 296 (2004) was filed on June
24, 2004. Thus, petitioner is in the same posture as the
petitioner in Schardt v. Payne, 414 F.3d 1025, 1031 (9th
Cir. 2005), *petition for cert. filed* (U.S. Nov. 10, 2005),
*in forma pauperis application denied*, 547 U.S. 1161 (2006).
In Schardt, the petitioner alleged a Blakely violation in a
collateral proceeding based on  the imposition of an
enhanced sentence after Apprendi was decided and his direct
appeal was final before Blakely.  In rejecting the argument,
the Ninth Circuit found 1) Blakely announced a new rule; 2)
Blakely was a procedural rule; 3) Blakely did not announce a
watershed rule of criminal procedure and, therefore, Blakely
was not retroactive; and 4) the state court decision was
entitled to deference under 28 U.S.C. § 2254(d)(1) since
Blakely was not clearly established Federal law because
every circuit that had decided the issue reached a different
result from that of the Supreme Court; and 5) the state
court's sentencing decision could not be challenged in a

federal habeas corpus proceeding.

Schardt is dispositive of petitioner's substantive
Sixth Amendment claim in this proceeding because
petitioner's direct appeal was final before Blakely and
Blakely is not retroactive.

If the trial court did not commit error in imposing
petitioner's sentence in June 2001, petitioner's attorney
was not ineffective for failing to object to the sentence.

Petitioner argues that, although the *Apprendi/Blakely*
rule had not yet been applied to consecutive sentences under
Oregon's guideline system at the time petitioner was
sentenced, petitioner's counsel failed to object to the
sentence and "competent defense  lawyers were preserving the
constitutional issue. See, e.g. Ice, 343 Or. 248."
Memorandum of Law (#44) p. 9.

Although defense counsel in Ice "preserved the
constitutional issue" I find that petitioner's trial
attorney's failure to so in this case did not violate the
Strickland v. Washington standard for constitutionally
adequate assistance of counsel. It is not constitutionally
required that a defense attorney anticipate future

developments in the law such as occurred in this case.[8]

Sophanthavong v. Palmateer, 378 F.3d 859, 870 (9th Cir.

2004) ("Strickland does not mandate prescience, only

objectively reasonable advice under prevailing professional

norms"); see also, Brown v. United States, 311 F.3d 875, 878

(8th Cir. 2002)(failure to predict developments of law

regarding Apprendi like issues is not ineffective).

Moreover, the Ninth Circuit in Schardt, in determining that

Blakely created a new rule, stated that, because every

circuit court that had addressed the question presented in

Blakely had reached the opposite conclusion from the rule

which was announced by the Court, "the rule announced in

Blakely was clearly not apparent to all reasonable jurists,

nor was it dictated by precedent." Schardt, 414 F.3d at

1035 (and cases cited).

In summary, I find that the claims before the court

were unexhausted and that petitioner has not established

sufficient cause and prejudice to excuse the procedural

default. Nor has petitioner established the fundamental

---

[8]The Ice opinion is an Oregon Supreme Court decision regarding
a direct appeal, not post-conviction. I note that it took seven
years to get from the judgment of conviction to a decision by the
Oregon Supreme Court.

miscarriage of justice exception to the exhaustion requirement. In addition, I find that the post-conviction court's decision regarding petitioner's claims is entitled to deference under 28 U.S.C. § 2254(d)(1), and that petitioner's allegations fail to state a claim because petitioner's direct appeal was final before <u>Blakely</u> was issued, and <u>Blakely</u> is not retroactive.

Petitioner's Petition (#1) should be denied.  This proceeding should be dismissed.


_<u>This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals</u>_.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  _<u>Objections to this Report and Recommendation, if any, are due by September 29, 2008.  If objections are filed, any responses to the objections are due within 10 days,</u> see_ Federal Rules of Civil Procedure 72 and 6.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute

a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _11_ day of September, 2008.

Mark D. Clarke
United States Magistrate Judge